# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,

    Petitioner,

v.

WARDEN WILIAM BETHTORD, F.C.C. Coleman Low,

    Respondent.

CIVIL ACTION NO.: 5:15-cv-6

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Franklin Williams ("Williams"), who is currently incarcerated at the Federal Correctional Camp-Low in Coleman, Florida, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to attack the sentence he received in this Court. (Doc. 1.) Williams also filed a Motion for Summary Judgment. (Doc. 4.) As set forth below, this action is the latest in a long line of procedurally deficient efforts by Williams to attack his sentence. Accordingly, Williams' Section 2241 petition and his Motion for Summary Judgment should be **DISMISSED,** and this case should be **CLOSED**. Williams filed a Motion to Amend, (doc. 5), which is **GRANTED**, but only to the extent the undersigned has considered the contents of Williams' Motion in making his recommended disposition of this petition. Williams filed a Motion for Evidentiary Hearing, (doc. 6), which is **DENIED**. Finally, Williams should be **DENIED** the issuance of a certificate of appealability and **DENIED** leave to proceed *in forma pauperis* on appeal.

BACKGROUND

Williams was convicted in this Court, after a jury trial, of one count of distribution of more than five grams of cocaine base and one count of distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Honorable William T. Moore, Jr., sentenced Williams to 292 months' imprisonment on each count, to run concurrently with each other and with Williams' revoked state parole term, 10 years' supervised release, and a $200.00 special assessment. Williams filed an appeal. The Eleventh Circuit Court of Appeals affirmed Williams' convictions and sentences. United States v. Williams, 262 F. App'x 165 (11th Cir. 2008).

Williams filed a Section 2255 motion in which he asserted he received ineffective assistance of trial counsel. United States Magistrate Judge James E. Graham recommended Williams' initial motion be denied, and Judge Moore adopted this recommendation as the opinion of the Court. (CV508-34, Doc. Nos. 4, 61.) Williams filed post-judgment motions and other pleadings in CV508-34, including a motion to amend or to re-open the case based upon his claims of actual innocence and ineffective assistance of counsel. (CV508-34, Doc. No. 154.)

Williams filed another Section 2255 motion in which he alleged that he received ineffective assistance of appellate counsel because his attorney on appeal would not argue that his trial counsel was ineffective and because his appellate counsel refused to file a motion for a new trial. Williams also alleged he was denied the right to have a psychological evaluation for his post-traumatic stress disorder for which he has been treated for 30 years. Williams contended he was denied his right to confront witnesses at trial, in violation of the Sixth Amendment. Williams averred he was arrested without a warrant and that he was improperly under electronic surveillance, in violation of the Fourth Amendment. Williams asserted Judge Moore was biased

and had a conflict of interest. Finally, Williams asserted he was convicted in the absence of evidence other than hearsay. Magistrate Judge Graham recommended Williams' motion be dismissed as a successive Section 2255 motion. Judge Moore adopted the Report and Recommendation as the opinion of the Court, and Williams' motion was dismissed. (CV509-104, Doc. Nos. 33, 38.) Williams filed post-judgment pleadings in that case, as well, such as a motion for a new trial based on newly discovered evidence and a claim based on actual innocence. (CV509-104, Doc. Nos. 46, 54.)

Williams filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting his right to confront witnesses at trial was violated. Williams also asserted the only evidence introduced at trial was hearsay and that he should be granted a new trial. Williams averred he was incompetent to stand trial, his counsel was ineffective, he should have been afforded a psychological evaluation, and the electronic surveillance conducted was illegal. According to Williams, his convictions and sentences resulted in a miscarriage of justice. Magistrate Judge Graham recommended Williams' petition be dismissed, and Judge Moore adopted this recommendation as the opinion of the Court. (CV511-18, Doc. No. 13.)

In another Section 2241 petition, Williams asserted he was denied his right to prove his actual innocence. Williams contended he also was denied his right to: have a voice test, confront witnesses, and a psychological evaluation. Williams contended he is being detained illegally. Magistrate Judge Graham recommended that petition be dismissed. The Honorable J. Randal Hall adopted this recommendation as the opinion of the Court, over Williams' objections. (CV511-118, Doc. Nos. 5, 8, 9.)

Williams asserted in yet another Section 2241 petition his sentence should be reduced based on new law. Williams also asserted his sentence was enhanced without benefit of a

3

hearing. Williams also asserted he was mentally incompetent to stand trial. Magistrate Judge Graham recommended that this petition be dismissed, and Judge Hall adopted this recommendation as the opinion of the Court, over Williams' objections. (CV512-72, Doc. Nos. 13, 18, 20.) Judge Hall denied Williams' motion for reconsideration. (Id. at Doc. Nos. 22, 23.)

In yet another Section 2241 petition, Williams maintained the government failed to notify him that it was seeking an enhancement. Williams averred he has not been given the right to challenge the legality of his sentence. Williams contended he should have the opportunity to challenge the prior convictions used to enhance his sentence. The Magistrate Judge recommended Williams' petition be dismissed, and Judge Hall adopted this recommendation as the opinion of the Court, over Williams' objections. (CV514-7, Docs. 4, 18.)

In the petition now before the Court, Williams asserts the Government did not give him proper notice of its intent to seek a sentence enhancement pursuant to 21 U.S.C. § 851. Williams also asserts his attorney was ineffective for failing to object to the Government's sentence enhancement. It also appears Williams takes issue with the Court not ruling on the merits of his previously-filed petitions and 28 U.S.C. § 2255 motions (which are plentiful). Williams alleges he is actually innocent of the Section 851 enhancement. (Doc. 5, p. 2.)

DISCUSSION

**I.   Section 2241 Petition**

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). In those instances where a Section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those Section 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28

4

U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted).

To successfully use a Section 2241 petition to circumvent the procedural restrictions of a Section 2255 motion, a petitioner must satisfy the savings clause of Section 2255. The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (alteration in original) (quoting Wofford, 177 F.3d at 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (internal punctuation and citations omitted).

The Eleventh Circuit has "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision .

5

. . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013) (alterations in original). However, the holding in Wofford established "two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Smith, 503 F. App'x at 765 (citation omitted).

Williams has not shown his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existent offense. In addition, Williams has brought his claims on several previous occasions and was unsuccessful. In other words, Williams has not satisfied the requirements of Section 2255's savings clause. Williams, 713 F.3d at 1343. Because Williams has not satisfied the requirements of Section 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

Williams cannot circumvent the requirements for Section 2255 motions by styling his petition for habeas corpus as being filed pursuant to Section 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Williams is doing nothing more

than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245. For these reasons, Williams is not entitled to relief pursuant to 28 U.S.C. § 2241.

**II.    Evidentiary Hearing Request**

Williams filed a Motion for Evidentiary Hearing. (Doc. 6.) The Eleventh Circuit has recognized that an evidentiary hearing "is often required for development of an adequate record" for ineffective assistance claims. Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Nonetheless, this general rule does not require the Court to hold an evidentiary hearing every time an ineffective assistance of counsel claim is raised. Id. Stated another way, "a hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts only conclusory allegations. Lynn v. United States, 365 F.3d 1225, 1238–39 (11th Cir. 2004); see also Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (noting that petitioner is not entitled to an evidentiary hearing if his claims "are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible").

Because Williams' claims are barred from review or are otherwise contradicted by the records of this Court, his Motion for an Evidentiary Hearing is **DENIED**.

**III.   Leave to Appeal *In Forma Pauperis* and Certificate of Appealability**

The Court should also deny Williams leave to appeal *in forma pauperis,* and he should be denied a Certificate of Appealability ("COA"). Though Williams has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Thomas v. Crosby, 371 F.3d 782, 797 (11th Cir. 2004) (Tjoflat, J., specially concurring) ("A

district court may *sua sponte* grant or deny a COA at the same time it rules on the merits of a habeas petition or rejects it on procedural grounds. This is arguably the best time for a district judge to decide this matter because the issues are still fresh in [the district court's] mind."); Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal); Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell,

537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above described "plain procedural bar" to Williams' petition and applying the certificate of appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a certificate of appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and his Motion for Summary Judgment, (doc. 4), be **DISMISSED**. It is also my **RECOMMENDATION** that the Court **DENY** Williams a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address

any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Williams.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 8th day of June, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA